Board of Claims
No. 82-353

### APPEAL OF WALTER WOODMAN
### (New Hampshire Board of Claims)

December 30, 1983

*Walter Woodman*, of Concord, by brief pro se.

*Gregory H. Smith*, attorney general (*Ronald F. Rodgers*, attorney, on the brief), by brief for the State.

### MEMORANDUM OPINION

This case came to us as an appeal under RSA chapter 541 from an order of the Board of Claims under RSA chapter 541-B (Supp. 1983). The appellant provided no record, and the appeal was therefore subject to discretionary dismissal under Supreme Court Rule 13(3). Because of allegations made by the appellant, which at least were not contradicted by the State, we declined to dismiss initially.

The appellant petitioned pro se, claiming to be a prisoner whose personal property had been confiscated and disposed of during his absence from the State prison following his escape. On his return following recapture he claimed compensation under RSA chapter 541-B (Supp. 1983) for his lost property. He alleged that the prison had not denied all liability before the Board of Claims, but had only contested the amount of damages, that he had requested to be allowed to appear before the board at the hearing on his claim or to be represented by counsel, but that without giving him an opportunity to appear, the board had denied his claim in its entirety and without stating any reason.

In the light of the appellant's uncontradicted allegations, this court requested a copy of the board's record. The record indicates that the prison did inform the board that there was a "basis" for the appellant's claim, that the matter was referred to the board on the issue of damages only, and that the appellant did request to be present or represented by counsel at the hearing. There is no record of any response to his request, and we interpret that as support for the appellant's claim that it was not granted.

██ At the least, this record indicates that the board failed to honor the procedural requirement of its own statute providing that a "claimant may represent himself or . . . be represented by an attorney." RSA 541-B:11, VIII (Supp. 1983). While the board is not required to appoint counsel to represent a claimant under this statute, it is required to allow a claimant to be present at the hearing and to represent himself. The board refused to do this, and its error requires that the order in this case be vacated and the claim heard anew.

██ We find it unnecessary to proceed to a constitutional analysis of the issue we have discussed, and the paucity of the record would make a discussion of other possible constitutional issues speculative. In anticipation of the new hearing to be held, it is sufficient to make two observations. First, the hearing will be subject to the procedural requirements of RSA chapter 541-A (Supp. 1983) as amended by Laws 1983, chapter 455. Second, "due process guarantees . . . apply to administrative agencies." *Appeal of Lathrop*, 122 N.H 262, 265, 444 A.2d 505, 506 (1982) (citation omitted).

██ The order of the Board of Claims denying the appellant's claim will be vacated, and the matter remanded to the board for hearing and disposition not inconsistent with this opinion.

*Reversed.*